JAMES GRAHAM and ARCHIBALD GRAHAM and others,
appellants,

*v.*

THE NATIONAL BANK OF THE STATE OF NEW YORK,
respondent.

ARCHIBALD GRAHAM and wife, appellants,

*v.*

THE NATIONAL BANK OF THE STATE OF NEW YORK,
respondent.

Mortgages given to a national bank to secure contemporaneous loans of money by discounting commercial paper in the usual course of business, are not void under section 5137 or 5136 of the revised statutes of the United States; they are only voidable, and the government alone can object.

On appeal from the following opinion of the vice-chancellor:

By the English practice, *all* answers must be signed by the defendant, as well as by his solicitor, unless dispensed by order. *1 Dan. Ch. Pr. 733.* This rule was established by Lord Hardwicke, by order made April 27th, 1748. *Fulton Bank* v. *Beach, 6 Wend. 42.* And the court of chancery of New York, in 1830, in adopting " the customary practice as it had theretofore existed," engrafted it upon its procedure. *Denison* v. *Bassford, 7 Paige 371.* But it has never been adopted or followed in this state. On the contrary, since the passage of the statute giving the complainant the right to waive an answer under oath, the practice has been quite uniform for the solicitor alone to sign. If there have been any departures from this course, they have been so few in number as to have no significance as a matter of practice. The objection that the answer is not properly signed is not well taken.

Graham *v.* National Bank of New York.

Two of the defences are clearly equitable. I refer to the defence of want of consideration, and, secondly, to the averment that the complainant extended the time of payment of the notes, which are secured by the mortgage in suit, without the knowledge or consent of the mortgagors. These defences rest on strong considerations of justice, and the defendants should be afforded a full opportunity to maintain them.

The defence of illegality is not now maintainable under the construction recently given to section 5136 of the national banking act, by the United States supreme court. *Union National Bank* v. *Mathews, Int. Rev. Rec., March 3d, 1879.*

The answer sets up no other defence with sufficient certainty and fullness to make it available to the defendants.

The motion covers the whole answer, and some of the defences being manifestly meritorious, it cannot prevail.

The defendant should be permitted to amend the title of his answer. Amendments of this nature—being merely formal for the correction of a clerical mistake—may be made, by order of the court, at any time.

Both parties being in fault, neither will be allowed costs against the other.

*Mr. Eugene Stevenson,* for appellants, cited—

*U. S. Rev. Stat.* §§ *5136, 5137; 2 Parsons on Cont. (6th ed.) 746, 753, 762, note u; White* v. *Franklin Bank, 22 Pick. 181; 2 Chitty on Cont. (11 Am. ed.) 971, 974; Bank of U. S.* v. *Owen, 2 Pet. 527, 538; Reeves* v. *Butcher, 2 Vr. 224; Ryno* v. *Darby, 5 C. E. Gr. 231; Den* v. *Shotwell, 4 Zab. 791; S. C., 3 Zab. 466; Columbia Fire Ins. Co.* v. *Kingon, 8 Vr. 33, and cases cited; Marlatt* v. *Warwick, 11 C. E. Gr. 454; Coppel* v. *Hall, 7 Wall. 558; Sedg. Stat. & Const. Law 69–71; Harris* v. *Runnels, 12 How. (U. S.) 79; Bissil* v. *R. R. Co., 22 N. Y. 262; Hitchcock* v. *Galveston, 6 Otto 351; Whitney Arms Co.* v. *Barlow, 63 N. Y. 62; Rutland R. R. Co.* v.

Graham *v*. National Bank of New York.

*Proctor, 29 Vt. 95; Vermont & Canada R. R.* v. *Vermont Central R. R., 34 Vt. 47; Brice's Ultra Vires (2d Eng. ed.) 183; Green's Brice's Ultra Vires (2d Am. ed.) 715–729; Tracy* v. *Talmadge, 14 N. Y. 162; R. R. Co.* v. *McCarty, 96 U. S. 258; Chicago Building Soc.* v. *Crowell, 65 Ill. 458; Bank of Genessee* v. *Patchin Bank, 13 N. Y. 309; S. C., 19 N. Y. 312; Smead* v. *Ind. R. R. Co., 11 Ind. 104; Madison Plankroad* v. *Watertown Plankroad, 7 Wis. 53; Seligman* v. *Charlottesville Nat. Bank (U. S. Circuit Va.) 25 Int. Rev. Rec. 385, 3 Hughes 647; Ex parte Williamson, L. R. (5 Ch. App.) 309; O'Hare* v. *Sec. Nat. Bank, 77 Pa. St. 97; Union Hill Gold Mining Co.* v. *Rocky Mt. Nat. Bank, 6 Otto 640; Union Nat. Bank* v. *Matthews, 8 Otto 621; Fowler* v. *Sculley, 72 Pa. St. 456; Woods* v. *Nat. Bank, 83 Pa. St. 57; Kansas Valley Nat. Bank* v. *Rowel, 2 Dill. 371; Crocker* v. *Whitney, 71 N. Y. 161; Merchants Nat. Bank* v. *Mears, 10 Chic. Leg. News 180; Nat. Pemberton Bank* v. *Porter, 125 Mass. 133.*

*Mr. Wm. H. Morrow,* for respondent, cited—

*Rev. Stat. U. S. 1999; 13 U. S. Stat. at Large 99; Kircher* v. *Schalk, 10 Vr. 337; Bank* v. *Matthews, 8 Otto 621; Leffingwell* v. *Warren, 2 Black 599; Bissil* v. *R. R. Co., 22 N. Y. 274; Parish* v. *Wheeler, 22 N. Y. 507; Whitney Arms Co.* v. *Barlow, 63 N. Y. 68; Bank* v. *Porter, 125 Mass. 335; Deming* v. *State, 23 Ind. 416; DeCamp* v. *Dobbins, 4 Stew. Eq. 690; Jones on Mort.* § *134.*

Archibald Graham and Henry C. Post, partners, borrowed $15,000 of the National Bank of the State of New York, in New York City, and gave their promissory note for that sum, payable to the bank in twelve months after date, with interest at seven per cent., payable semi-annually. To secure payment of this note, James Graham and wife and Archibald Graham and wife made a mortgage to the bank on land in the county of Passaic, in this state. To foreclose this mortgage, the bill in the first case was filed. On Feb-

Graham *v.* National Bank of New York.

ruary 9th, 1876, Graham and Post borrowed $10,000 more of the bank, and gave another promissory note for that sum, payable six months after date. To secure the payment of this second note, Archibald Graham and wife and Henry C. Post and wife made a mortgage to the bank on a lot of land, with buildings and fixtures for a brewery therein, at the city of Paterson, in this state. To foreclose this mortgage, the bill in the second case was filed.

Both cases were argued together.

The opinion of the court was delivered by

Scudder, J.

The single question presented to the court on appeal is, whether a bank formed under the act of congress authorizing associations for carrying on the business of banking, can legally loan money by taking, as security therefor, a mortgage on real estate. Other defences that were made in the court below have been abandoned here, and this question alone is presented for our determination. The exact position of the defendants, as set out in their answer to the bill to foreclose the mortgage in controversy, is, that the mortgage to the complainant was, in its inception, void under the provisions of section 5137 of the revised statutes of the United States. This section enacts, that " a national banking association may purchase, hold and convey real estate for the following purposes, *and no others.*" The two purposes that might be claimed to cover this mortage are, " second, such as shall be mortgaged to it in good faith by way of security for debts previously contracted ;" " third, such as shall be conveyed to it in satisfaction of debts previously contracted in the course of its dealings."

It is obvious that these loans were made by the bank on the security of these two separate mortgages, and that the making of the notes, the payment of the money by checks, and the delivery of the mortgages, duly executed as security therefor, were concurrent acts. They were not, therefore,

given as security for debts previously contracted, nor were the mortgaged lands conveyed in satisfaction of debts previously contracted in the course of the dealings of the bank.

These cases, therefore, stand without the authority of the statute to purchase and hold real estate for such purpose. Each mortgage was given as security for a concurrent loan of money by discounting commercial paper.

The case has been well argued by the counsel for the appellants, on the ground that contracts forbidden by statute are void, and that courts will refuse to enforce such contracts from regard to the law itself, and without reference to any equities between the parties. A like argument has been successfully presented in some reported cases, and some courts of high authority have held that such mortgages given as security for debts contracted at the time, or for future advances, are invalid, and not enforceable at law or in equity, because of the alleged prohibition of the statute. *Crocker* v. *Whitney, 71 N. Y. 161; Fowler* v. *Scully, 72 Pa. St. 456; Ripley* v. *Harris, 3 Biss. 199; Kansas Valley Bank* v. *Rowell, 2 Dillon 371; Woods* v. *Peoples Nat. Bank of Pittsburg, 83 Pa. St. 57; 1 Jones on Mort. (2d ed.)* § *134.*

But we are spared an examination of these cases, and others with like conclusions, and the reasoning upon which they are based, for a late decision in the supreme court of the United States has given a construction of this statute, and has authoritatively determined the validity of mortgages like these in controversy.

In *National Bank* v. *Matthews, 8 Otto 621,* sections 5136 and 5137 were construed, in their application to a deed of trust of lands with power of sale, of like effect with a mortgage assigned to a national bank as security for a loan of money to the holder. The conclusion was, that where a corporation is incompetent, by its charter, to take a title to real estate, a conveyance to it is not void, but only voidable, and the sovereign alone can object. It is valid until assailed in a direct proceeding instituted for that purpose. The court cites, with approval, the high authority of Chancellor Kent,

Brown v. Mutual Ben. Life Ins. Co.

in *Silver Lake Bank* v. *North*, *4 Johns. Ch. 370*, where similar terms in a statute were construed. The bank, in this ruling case, directed the trustee named in the bill of trust, to sell, and, on bill to enjoin the sale, the question of the validity of the security was raised. It is, therefore, an express authority upon the defence here raised on the bill to foreclose the mortgages to the bank.

The decrees in both cases will be affirmed, with costs.

Decrees unanimously affirmed.